# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Matthew P. Sheridan,                                     Civil No. 09-844 (DWF/FLN)

           Plaintiff,

v.                                                              **ORDER ADOPTING REPORT**
                                                                  **AND RECOMMENDATION**
Warden R. Rios, Ms. J. Anderson,               **AND MEMORANDUM**
Kirk Alford RN, Correctional Officer Burns,
and Correctional Officer Dunn,

           Defendants.

---

Matthew P. Sheridan, *Pro Se*, Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

---

This matter is before the Court upon Plaintiff Matthew Sheridan's ("Plaintiff") objections to Magistrate Judge Franklin L. Noel's Report and Recommendation dated August 18, 2010, insofar as it recommends that: (1) Defendant's motion for summary judgment be granted; (2) the case be dismissed without prejudice; and (3) judgment be entered accordingly. Defendants filed a Response to Objections (Doc. No. 48) on September 16, 2010, and Plaintiff filed a Reply to Response to Plaintiff's Objections (Doc. No. 49) on September 27, 2010.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Matthew P. Sheridan's objections (Doc. No. [47]) to Magistrate Judge Franklin L. Noel's Report and Recommendation dated August 18, 2010, are **DENIED**.

2. Magistrate Judge Franklin L. Noel's Report and Recommendation dated August 18, 2010 (Doc. No. [45]), is **ADOPTED**.

3. Defendants' motion for summary judgment (Doc. No. [26]) is **GRANTED**.

4. This case is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 28, 2010        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

**MEMORANDUM**

As the Defendants point out, exhaustion of administrative prison remedies is required before filing a complaint. *Wolf v. Johnson*, 2009 WL 5859771 *6 (D. Minn. March 6, 2009) *quoting Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Consequently, failure to exhaust administrative remedies before filing a complaint requires a dismissal, but without prejudice, of the complaint. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Contrary to the assertions of the Plaintiff, it is clear that the Plaintiff did not exhaust Bureau of Prisons ("BOP") administrative remedies before filing the instant Complaint. In fact, after filing the Complaint, the Plaintiff specifically alleged, "The Plaintiff has not exhausted his administrative remedies in this matter." (Doc. No. 14.) Moreover, this admission was made by the Plaintiff after the Magistrate Judge had advised him that "[i]f exhaustion was not completed at the time of filing, dismissal [would be] mandatory." *See Tope v. Fabian*, 2010 WL 3307351 *5 (D. Minn. July 29, 2010) ("If exhaustion is not complete by the time of the filing of the prisoner's Complaint, then dismissal is mandatory.").

Alternatively, the Court concludes that the Plaintiff did not commence his BOP's administrative remedies in a timely manner.

At first glance, requiring administrative exhaustion may seem a harsh result in this case. However, as many courts have observed, it can also serve the interests of all parties.

> Our Court of Appeals has identified at least four valuable objectives that are promoted by an exhaustion of administrative remedies requirement. First, exhaustion of administrative remedies helps to ensure a more complete development of the factual record before a claim is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies. Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy.

*Haggenmiller v. Feneis*, 2007 WL 2264707 *4 (D. Minn. August 6, 2007) citing *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). Here, the exhaustion requirement at 42 U.S.C. 1997e(a) is part of the Prison Litigation Reform Act (PLRA) in which,

> Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Jones*, 340 F.3d at 626-27, citing *Porter*, 534 U.S. at 524-25. As observed by the Defendants, the BOP administrative remedy program contains four distinct parts and has as its goal, the speedy resolution of all inmate complaints.

Here, irrespective of whether the basis of Plaintiff's administrative remedy request was his fall from his bunk, his medical care, or his physical therapy, as the Report and Recommendation accurately concludes, the Plaintiff did not commence the BP-9 stage administrative remedy program within the regulatory time frame.

Magistrate Judge Franklin L. Noel, consistent with the record before this Court, found, and so does this Court, that the Plaintiff did not comply with the period of limitations in the BOP rules. *See* Report at 3, citing Declaration of Heather Kinsey (Doc. No. 30).

Moreover, contrary to the objections noted by the Plaintiff, the record belies the Plaintiff's assertion that the BOP administrative remedy system was not available to him. Actually, in his objections, the Plaintiff specifically asserts that he was unaware of the period of limitations, as he did not receive "actual and proper notice" of it. He does not assert that he was unaware of the program itself. Similarly, Plaintiff does not assert that he was misled to believe that there was no period of limitations whatsoever. The record establishes that the remedy was available to him.

It has long been the case that prisoners are required to exhaust all "available" remedies before filing an action in federal court. 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Administrative remedies are only unavailable when prison officials prevent an inmate from pursuing the grievance procedure. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from "utiliz[ing]" is not an "available" remedy under § 1997e(a)."). That did not occur to the Plaintiff in this case.

The Court is not permitted to consider an inmate's subjective beliefs, whether they seem logical or not, in deciding whether administrative procedures are available. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (en banc); *see also Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Based upon the record before the Court, Plaintiff's case should be dismissed consistent with the findings and conclusions of the Magistrate Judge in the Report and Recommendation which are consistent with the record before this Court.

Plaintiff has not exhausted his administrative remedies so the Court concludes, as Magistrate Judge Noel has, that the case should be dismissed without prejudice to allow the Plaintiff to do so.

D.W.F.